IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KENNETH EDWARD WHATLEY,<br><br>Plaintiff,<br><br>vs.<br><br>EXTRADITION TRANSPORT OF AMERICA and JOHN AND JANE DOE DRIVERS 1-3,<br><br>Defendants. | CV 14-00209-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On August 11, 2014, Plaintiff Kenneth Whatley ("Whatley") filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant Extradition Transport ("Extradition") and its John Doe drivers were deliberately indifferent to his minimal necessities of life, basic human needs, and serious medical condition in violation of the Eighth and Fourteenth Amendments during a ten-day transport from Arizona to Montana. (Complaint, Doc. 2.) Whatley is a state prisoner proceeding without counsel. He has been granted permission to proceed in forma pauperis. Whatley has failed to provide sufficient information to effectuate service and has failed to comply with two Court orders. Accordingly, this case will be recommended for dismissal.

### A. Failure to Serve

On August 12, 2014, the Court directed the Clerk of Court to send Extradition a Request for Waiver of Service of Summons. (Doc. 4.) The request was sent to Extradition at the address provided by Whatley in the Complaint (1450 University Avenue, PMB F-115, Riverside, California 92507). (Doc. 4.) The request for waiver was returned by the United States Postal Service as undeliverable on October 28, 2014 with the notation "Return to Sender Unable to Forward." (Doc. 8.) Extradition did not respond to the request for waiver.

This is the third of three cases filed by pro se prisoner litigants against Extradition. *See Avery v. Extradition Transport of America*, Civil Action No. 11-CV-153-M-DWM-JCL and *Lewis v. Extradition Transport of America*, Civil Action No. 13-CV-00138-M-DWM-JCL. In the *Avery* case, a summons was issued and the United States Marshals Service was directed to serve Extradition at 1450 University Avenue, Riverside, CA 92507. *Avery v. Extradition Transport*, Civil Action No. 11-CV-153-M-DWM-JCL, Docs. 6, 7. The Process Receipt and Return, however, indicated that Extradition was served on April 30, 2012 at 1430 3rd Street, Suite 13, Riverside, CA 92507. *Avery v. Extradition Transport*, Civil Action No. 11-CV-153-M-DWM-JCL, Doc. 14. Extradition did not respond to the Avery Complaint and a default judgment was issued against it in the amount of

$75,000. *Avery v. Extradition Transport*, Civil Action No. 11-CV-153-M-DWM-JCL, Doc. 29.

In the *Lewis* case, a summons was issued and the Marshals Service was directed to serve Extradition at 1450 University Avenue, Riverside, CA 92507 on October 14, 2013. *Lewis v. Extradition Transport*, Civil Action No. 13-CV-138-M-DWM-JCL, Docs. 13, 14. The Process Receipt and Return, however, indicated that on November 4, 2013, Extradition was served at 1430 3rd Street, Suite 13, Riverside, CA 92507 after a first attempt at the wrong address. *Lewis v. Extradition Transport*, Civil Action No. 13-CV-138-M-DWM-JCL, Doc. 21. Extradition did not respond to the Lewis Complaint and on February 5, 2014, a default judgment was issued against them in the amount of $75,000. *Lewis v. Extradition Transport*, Civil Action No. 13-CV-138-M-DWM-JCL, Doc. 41.

In light of the mail directed to Extradition at the 1450 University Avenue address being returned in this case (Doc. 8) and the Avery and Lewis case histories, the Court directed a summons be issued and the Marshals to personally serve Extradition at 1430 3rd Street #13, Riverside, CA 92507 (the address at which Extradition had been served in the Avery and Lewis cases). (Docs. 6, 7.)

On January 23, 2015, the Marshals returned the summons unexecuted indicating that the 1430 3rd Street address was vacant. (Doc. 11.) On January 26,

3

2015, Whatley was directed to provide the Court with a current address for Extradition. (Doc. 12.) Whatley did not respond. On March 9, 2015, the Court issued an Order requiring Whatley to show cause on or before April 3, 2015 why this matter should not be dismissed for failure to prosecute. Whatley was specifically advised that if he failed to respond, the matter would be recommended for dismissal. (Doc. 13.) Whatley did not respond.

A pro se prisoner plaintiff proceeding in forma pauperis "is entitled to rely" on the United States Marshals Service to accomplish service, so long as the plaintiff provides the necessary information to identify the defendant and help effectuate service. *Puett v. Blandford*, 912 F.2d 270, 274–275 (9th Cir. 1990). The Court went out of its way to effectuate service upon Extradition even resorting to prior cases to locate a current address for Extradition. It was Whatley's obligation to provide sufficient information to effectuate service and he has failed to do so. Extradition has not be served and cannot be served without Whatley providing the necessary information to effectuate service. See *Puett v. Blandford*, 912 F.2d 270, 274-275 (9th Cir. 1990). Accordingly, this case should be dismissed for failure to serve the Complaint.

**B. Failure to Comply with Court Orders**

Dismissal is also appropriate based upon Whatley's failure to respond to the

4

Court's January 26, 2015 Order and the March 9, 2015 Order to Show Cause. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to prosecute permitted if plaintiff fails to respond to a court's order requiring amendment of complaint).

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This factor is particularly compelling in this case since Whatley has not only failed to provide necessary service information but he has failed to respond to two court orders. This matter cannot proceed without Whatley's participation.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious

noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). Whatley has been given several opportunities to participate in this action, and he has failed to respond to two Court orders. The Court must be able to manage its docket. It cannot do so if Whatley refuses to communicate with the Court. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Extradition. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Extradition has not even been served with the case. Extradition's lack of knowledge of Whatley's allegations makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Extradition.

The Court has considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir.

1981).  Although less drastic alternatives to a dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal.  *Id.*  The Court specifically issued an order to show cause on March 9, 2015 to provide Whatley with one final opportunity to participate in this case.  He was specifically advised that a failure to respond would result in a recommendation that the case be dismissed.  He did not respond.  In addition, Whatley will have an opportunity to file objections to these findings and recommendations.  The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal of the Complaint because public policy favors the disposition of cases on their merits.  *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  Since the other four factors weigh in favor of dismissal, however, dismissal is an appropriate sanction.

Accordingly, IT IS RECOMMENDED that this matter be dismissed for failure to provide the necessary service information and failure to prosecute.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Whatley may file objections to these Findings and Recommendations within

fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of April, 2015.

                              */s/ Jeremiah C. Lynch*
                              Jeremiah C. Lynch
                              United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.