IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| KENNETH EDWARD WHATLEY, | CV 14–209–M–DLC–JCL |
| Plaintiff, | |
| vs. | ORDER |
| EXTRADITION TRANSPORT OF AMERICA and JOHN AND JANE DOE DRIVERS 1-3, | |
| Defendants. | |

United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendations on April 9, 2015, recommending that this matter be dismissed. Plaintiff failed to timely object to the Findings and Recommendations, and so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). There is no clear error in Judge Lynch's Findings and Recommendation and the

Court adopts them in full. Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

There is no clear error in Judge Lynch's finding that Whatley failed to fulfill his obligation to provide sufficient information to effectuate service on Defendant Extradition Transport ("Extradition"). The United States Marshals service was unable to locate Extradition either at the address provided by Whatley or the address at which Extradition had been served in two previous cases. Whatley did not respond to the Court's January 26, 2015 Order requesting a current address for Extradition and similarly failed to show cause on or before April 3, 2015, as required by Court's Order dated March 9, 2015, why this matter should not be dismissed for failure to prosecute.

Judge Lynch did not clearly err in recommending dismissal based on Whatley's failure to respond to the Court's Orders dated January 26 and March 9, 2015. There is no clear error in Judge Lynch's analysis of the five factors that must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order, as stated in *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002). Whatley has failed to participate in this case, even after he was explicitly warned that failure to respond would result in a recommendation of dismissal. Whatley did not file objections to Judge Lynch's

findings and recommendations, and the Court finds that Judge Lynch did not clearly err in finding that four of the five factors weigh in favor of dismissal.

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 14) are ADOPTED IN FULL. Plaintiff's claims are DISMISSED.

Dated this 9th day of July, 2015.

Dana L. Christensen, Chief Judge
United States District Court